GOLDSMITH & HULL, APC/File No.CDCS617
William I. Goldsmith SBN89123
Michael L. Goldsmith, SBN 291700
A Professional Corporation
16933 Parthenia Street
Northridge, CA 91343
818-990-6600  Fax: 818-990-6140
Govdept1@goldsmithcalaw.com

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAFFIATOU K. JARRISON AKA S. HARRISONSAFFIATOU K. HARRISON AKA S. HARRISON;<br><br>Defendant. | **CASE NO. 5:17-cv-1556-JGB-kk**<br><br>Plaintiff's Opposition to Defendant's Motion to Dismiss<br><br>Hearing Date: January 8, 2018<br>Time: 9:00 AM<br>Judhe: Hon. Jesus G. Bernal<br>Place: Riverside, Courtroom 1 |

1

PLAINTIFF'S OPPOSITION OF MOTION TO DISMISS

## I.   DEFENDANT DID NOT ALLOW FOR THE REQUIRED 28 DAYS FROM THE FILING AND SERVICE DATE TO MOTION DATE

Federal Rules of Civil Procedure 6 and Local Rule 6-1 requires

> "The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service."

Here, Defendant filed her motion on December 11, 2017, and set a motion date for January 9, 2018.  Fed. R. Civ. Procedure 6(a)(1)(A) states that you must exclude the day of the event that triggers the period.  Accordingly, Defendant only allowed 27 days to respond, and the court should not hear this motion on procedural grounds.

## II.   DEFENDANT IS EVADING SERVICE

Rule 4(m), as amended in 1993, requires a district court to grant an extension of time when the plaintiff shows good cause for the delay.  Mann v. Am Airlines, 324 F.3d, 1088, 1090 n. 2. (9th Cir. 2003). While Plaintiff has attempted to serve the Defendant before the November 27th date, Plaintiff believes there is good cause per Federal Rule 4(m) to extend the time.

Plaintiff has attempted several times to comply with the court's order to serve Defendant by November 27, 2017.  Plaintiff used the address provided on Defendant's own pleading paper at 2724 S. Monterey Pl. Ontario, CA 91761 to

attempt service.  Multiple service attempts were made to personally serve the Defendant.  Attempts for service on Defendant were attempted at the 2724 S. Moneterey Pl. address unsuccessfully on the following dates: 11/17/17 at 9 PM, 11/30/17 at 9:15 AM, and 12/3/17 at 1:40 PM.  (See **Exhibit 1**)  More attempts for service were made at Defendant's purported residence on the following dates and times: The Defendant was **personally served** on December 5, 2017 (which should **moot** this entire motion).  (See **Exhibit 2**).   Each and every time service was attempted before December 5, no matter what the time (morning, mid-day, afternoon, or evening), no one, including the Defendant, could be found to effectuate service.  (See **Exhibit 1**).  Successful personal service was finally effectuated on December 5, 2017.  (See **Exhibit 2**).

Accordingly, Plaintiff requests the court to consider the factors laid out to either (1) extend time for service or (2) find that personal service was effectuated on the Defendant and the case should move forward.

**III.    Conclusion**

For these reasons, Defendant's motion should not be granted.

Dated: December 22, 2017                    Goldsmith & Hull A.P.C.


                                          _____/s/_____
                                          By: Michael L. Goldsmith
                                          Attorney for Plaintiff
                                          United States of America

PLAINTIFF'S OPPOSITION OF MOTION TO DISMISS